STATE OF NORTH CAROLINA v. LOU ELMER GUNNINGS

No. COA95-1125

(Filed 16 April 1996)

**Narcotics, Controlled Substances, and Paraphernalia § 33 (NCI4th)— attempt to possess cocaine—sufficiency of evidence**

The evidence was sufficient to be submitted to the jury on a charge of attempt to possess cocaine where there was a significant amount of evidence offered, including that of defendant's own testimony, which would allow a jury to conclude that defendant intended to possess cocaine; she took several steps calculated to accomplish that intent, including driving to an area known for drug sales, approaching undercover officers who she believed were cocaine dealers, and exchanging money for what she thought was cocaine; and her efforts fell short of completing the offense of possession of cocaine.

**Am Jur 2d, Drugs and Controlled Substances §§ 130 et seq.**

Appeal by defendant from judgment entered 7 July 1995 by Judge Jesse B. Caldwell, III, in Gaston County Superior Court. Heard in the Court of Appeals

Defendant was convicted of attempted possession of cocaine. She was sentenced to two years, sentence suspended, and placed on supervised probation for one year. Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Jane L. Oliver, for the State.*

*Assistant Public Defender Cynthia D. West for defendant appellant.*

McGEE, Judge.

Evidence presented by the State tends to show the following: On 2 March 1994 officers of the Gastonia Police Department were conducting an undercover drug operation on Vance Street in Gastonia. Several officers stood on the side of the street and posed as drug dealers, while undercover police cars were stationed at either end of the

block. The officers did not have any cocaine to sell, but instead carried pieces of Brazil nuts cut up to resemble crack cocaine.

At approximately 8:18 p.m., defendant drove up to the officers posing as dealers. Another female riding in the passenger seat spoke to them through the car window, and asked if she and defendant could purchase two "rocks" for thirty dollars. One of the officers agreed to sell them the two rocks, and defendant turned her car around so she could speak to the officer through her window. She stated "I want to see this." The officer handed her two white rock-like substances in exchange for thirty dollars from defendant. Defendant said "I'm going to taste it to see if it's real." When she did so, she realized the "rocks" she had purchased were not cocaine. She became irate and started to get out of the car. One of the officers radioed for back-up, and one of the squad cars pulled up with its blue lights flashing. Defendant dropped the pieces of Brazil nut, and told the officer who had driven up that the men on the street were selling cocaine. The dealers were identified as police and defendant was placed into custody.

At trial, defendant testified that she pulled over in her car at her passenger's request, and was aware that the purpose of the stop was to buy cocaine. She further stated that when she gave the undercover officer the thirty dollars, she did so in order to buy cocaine.

Defendant's sole argument on appeal is that the trial court erred in denying her motion to dismiss for insufficient evidence. She contends that because the officers were not selling real cocaine, she could not be convicted of an attempt to possess cocaine. We disagree.

In ruling on a motion to dismiss, the issue before the trial court is whether there has been presented substantial evidence of each element of the offense charged, and that the defendant was the perpetrator of the offense. *State v. McAvoy*, 331 N.C. 583, 417 S.E.2d 489 (1992). If the trial court so finds, the motion is properly denied. *State v. Tuggle*, 109 N.C. App. 235, 426 S.E.2d 724, *appeal dismissed and disc. review denied*, 333 N.C. 794, 431 S.E.2d 29 (1993). Substantial evidence is that relevant evidence which a reasonable mind would find sufficient to support a conclusion. *State v. Patterson*, 335 N.C. 437, 439 S.E.2d 578 (1994). All the evidence, whether direct or circumstantial, must be considered by the trial court in the light most favorable to the State, with all reasonable inferences to be drawn from the evidence being drawn in favor of the State. *State v. Figured*,

116 N.C. App. 1, 446 S.E.2d 838 (1994), *disc. review denied*, 339 N.C. 617, 454 S.E.2d 261 (1995).

The elements of the crime of "attempt" consist of the following: (1) an intent by an individual to commit a crime; (2) an overt act committed by the individual calculated to bring about the crime; and (3) which falls short of the completed offense. *State v. Collins*, 334 N.C. 54, 431 S.E.2d 188 (1993). In the case before us there was a significant amount of evidence offered, including that of defendant's own testimony, which would allow a reasonable jury to conclude (1) that defendant intended to possess cocaine; (2) that she took several steps calculated to accomplish that intent, including driving to an area known for drug sales, approaching people she believed were cocaine dealers, and exchanging money for what she thought was cocaine; and (3) that her efforts fell short of completing the offense of possession of cocaine. This evidence was sufficient to defeat defendant's motion to dismiss, and the trial court did not err in so doing.

Finally, we note that where the evidence tends to show defendant intended to commit the underlying substantive offense, in this case possession of cocaine, defendant's "intent" is the controlling factor. As stated by our Supreme Court in *State v. Hageman*, 307 N.C. 1, 296 S.E.2d 433 (1982):

[W]hen a defendant has the specific intent to commit a crime and under the circumstances as he reasonably saw them did the acts necessary to consummate the substantive offense, but, because of facts unknown to him essential elements of the substantive offense were lacking, he may be convicted of an attempt to commit the crime.

*Hageman*, 307 N.C. at 13, 296 S.E.2d 441 (1982).

For these reasons, we find defendant received a fair trial, free from prejudicial error.

No error.

Judges GREENE and MARTIN, MARK D. concur.