STATE OF NORTH CAROLINA v. ORLANDO TREMAINE LEA AND
LACY MARCELO COLON, DEFENDANTS

No. COA96-229

(Filed 17 June 1997)

**1. Appeal and Error § 73 (NCI4th)— existence of offense—
lack of standing to challenge**

A defendant who was not convicted of "attempted first-
degree felony murder" lacks standing to challenge the existence
of that offense.

**Am Jur 2, Appellate Review § 275; Constitutional Law
§§ 189-191.**

**2. Criminal Law § 940 (NCI4th Rev.)— inconsistent ver-
dicts—not reviewable**

The appellate court will not review a verdict on the ground
that inconsistent verdicts were returned by the jury with respect
to defendant and his codefendant; review of the verdict is limited
to the sufficiency of the evidence to support it.

**Am Jur 2d, Trial § 1814.**

**Inconsistency of criminal verdicts as between two or
more defendants tried together. 22 ALR3d 717.**

**3. Homicide § 343 (NCI4th)— attempted second-degree mur-
der—valid conviction**

Defendant could validly be convicted of attempted second-
degree murder where defendant's conduct fell short of the com-
pleted offense in that none of the victims were killed; the State
was not limited to convictions of completed assaults.

**Am Jur 2d, Homicide § 566.**

**What constitutes attempted murder. 54 ALR3d 612.**

**4. Appeal and Error § 484 (NCI4th)— attempted second-
degree murder—assault with a deadly weapon—prayer for
judgment continued—constitutionality not reviewable**

The Court of Appeals would not consider defendant's argu-
ment that he could not constitutionally be convicted both of
attempted second-degree murder and of assault with a deadly
weapon inflicting serious bodily injury since the trial court

ordered that prayer for judgment be continued for defendant's assault with a deadly weapon conviction.

**Am Jur 2d, Appellate Review §§ 106, 145, 223-225.**

**Appealability of order suspending imposition or execution of sentence. 51 ALR4th 939.**

5. **Appeal and Error § 506 (NCI4th); Homicide § 417 (NCI4th)— conviction of attempted second-degree murder—instruction on attempted felony murder—no prejudice to defendant**

A defendant who was convicted of attempted second-degree murder was not prejudiced by the trial court's instruction to the jury on "attempted first-degree felony murder" where strong evidence supported defendant's second-degree murder conviction, and the record revealed that there was no reasonable possibility that the outcome of defendant's trial would have been different had the court not given this instruction.

**Am Jur 2d, Appellate Review §§ 721, 743.**

**Modern status of law regarding cure of error, in instruction as to one offense, by conviction of higher or lesser offense. 15 ALR4th 118.**

6. **Criminal Law § 805 (NCI4th Rev.)— acting in concert—pattern jury instructions**

The trial court properly instructed the jury on "acting in concert" where the evidence clearly supported the instruction and the instruction substantially conformed to the "acting in concert" pattern jury instruction.

**Am Jur 2d, Homicide § 507; Trial § 1255.**

7. **Homicide § 566 (NCI4th)— imperfect self-defense—lesser included offense—no evidence of necessity to kill**

The trial court properly concluded that the evidence did not support a jury instruction on the lesser included offense of attempted voluntary manslaughter on the basis of imperfect self-defense because there was no evidence that either defendant believed it was necessary to kill the victims in order to save himself from death or great bodily harm where the evidence tended to show that defendants drove their vehicle at high speeds pursuing the victims' vehicle; defendants pulled alongside the vic-

tims' vehicle before shooting at the victims; and at all times defendants had every opportunity to alleviate danger to themselves and others without resorting to deadly force. One defendant's self-serving statements that defendants were "scared" that the victims would run them off the road was not evidence that either defendant formed a belief that it was necessary to kill in order to save himself.

**Am Jur 2d, Homicide §§ 519, 520.**

8. **Criminal Law § 1094 (NCI4th Rev.)— consecutive sentences—structured sentencing act**

It was not error for the trial court to sentence defendant to consecutive sentences aggregating twenty-five years in prison where the structured sentencing act allows for the imposition of consecutive sentences, and the trial court's sentences were within its discretion and within the bounds set by the statute and our Federal and State Constitutions. N.C.G.S. 15A-1340.15(a).

**Am Jur 2d, Criminal Law §§ 551, 552.**

9. **Homicide § 343 (NCI4th)— attempted felony murder—nonexistent crime**

The offense of "attempted first-degree felony murder" does not exist under the law of North Carolina because felony murder is an unintentional killing, an attempt requires specific intent, and it would be a logical impossibility for defendant to intend what is by definition an unintentional result.

**Am Jur 2d, Homicide §§ 72, 566.**

10. **Constitutional Law § 228 (NCI4th); Homicide § 717 (NCI4th)— attempted first-degree murder—felony murder basis vacated—retrial on premeditation and deliberation basis**

A defendant whose conviction of the nonexistent crime of "attempted first-degree felony murder" was vacated may be retried for attempted first-degree murder on the basis of malice, premeditation, and deliberation where the jury answered yes to a question on the verdict form as to defendant's guilt of attempted first-degree murder, did not respond to a question relating to premeditation and deliberation as a basis for its verdict, and responded yes to a question as to attempted first-degree murder under the first-degree felony murder rule; the jury's verdict did

not acquit defendant of attempted first-degree murder on the theory of malice, premeditation, and deliberation.

**Am Jur 2d, Criminal Law § 311.**

Appeal by defendants from judgments and commitments entered 10 May 1995 by Judge J.B. Allen, Jr., in Alamance County Superior Court. Heard in the Court of Appeals 18 March 1997.

At this consolidated trial the State's evidence tended to show that, in the early morning hours of 25 February 1995, defendants Orlando T. Lea and Lacy M. Colon argued with Shawn Massey and Christopher Overman in the parking lot of the Scottish Inn Motel in Burlington, North Carolina. The men exchanged heated words, including alleged racial slurs, but no physical violence erupted at that time. Massey testified that defendant Colon told him in parting: "I'm going to see you again and I'm going to kill you."

Later in the afternoon of 25 February 1995, Massey and Overman drove Overman's car to a nearby car wash. Leaving the car wash, Massey and Overman again encountered defendants Lea and Colon, who were in a white Mustang driven by defendant Lea. A high speed chase ensued as defendants Lea and Colon together pursued Overman and Massey. Eventually, while still driving at high speed, defendant Lea pulled the Mustang alongside Overman's and began yelling and shaking his fist out the window at Massey and Overman. At that point, defendant Colon sat part way out of the passenger window of defendant Lea's car, leaned across the top of the car and fired several shots at the passenger compartment of Overman's car. To avoid being shot, Overman ducked below the dash while applying the brakes. Overman then collided with an oncoming vehicle driven by Beatrice Ward. Overman, Massey and Ms. Ward all suffered injuries in the collision, although no one was actually wounded by a bullet.

Defendant Colon testified that Overman swerved his car threateningly toward he and Lea's vehicle once they pulled alongside at high speed. Defendant Colon further testified that he feared Overman and Massey would run them off the road and that he fired the shots at their vehicle in self-defense to prevent Overman and Massey from actually running them off the road. Defendant Colon stated that he aimed only at the vehicle itself and not at the occupants.

On 9 May 1995, the jury returned a verdict finding defendant Lea guilty of three counts of attempted second degree murder, two counts

of assault with a deadly weapon, one count of assault with a deadly weapon inflicting serious injury, and one count of discharging a firearm into occupied property. The jury found defendant Colon guilty of three counts of attempted first degree felony murder and two counts of assault with a deadly weapon with intent to kill. The trial court denied defendants' renewed motions to dismiss and proceeded to sentence defendants in accordance with the structured sentencing guidelines.

Defendants appeal.

*Attorney General Michael F. Easley, by Assistant Attorney General Gail E. Weis, for the State.*

*Robert H. Martin for defendant-appellant Colon.*

*Lee W. Settle for defendant-appellant Lea.*

EAGLES, Judge.

In this consolidated appeal, we review each defendant's appeal individually and we address separately the issues raised.

### I. Defendant Lea

#### A.

**[1]** Defendant Lea first argues that the offense of "attempted first degree felony murder" cannot exist under the law of this State. We hold that defendant Lea lacks standing to raise this issue because he was not convicted of "attempted first degree felony murder." *State v. Bynum,* 282 N.C. 552, 558, 193 S.E.2d 725, 729, *cert. denied,* 414 U.S. 869, 38 L. Ed. 2d 116 (1973). Defendant Colon is the only party here who was convicted at trial of "attempted first degree felony murder" and "[o]nly the party aggrieved by the judgment may appeal." *Id.* This assignment of error is overruled.

We note that defendant Colon has properly assigned error and raised this issue. We address defendant Colon's arguments in Part II of this Opinion where we hold that the offense of "attempted first degree felony murder" does not exist under the law of North Carolina.

#### B.

Defendant Lea next argues that the trial court erred in denying his motions to dismiss at the close of State's evidence, at the close of all evidence, and after the jury returned its verdict. Defendant's brief

here blends several arguments in support of his contention that the trial court erred in failing to grant his motions to dismiss. We have examined defendant's various arguments and determined them to be without merit. Accordingly, we hold that the trial court correctly denied defendant Lea's motions to dismiss.

[2] We first consider defendant Lea's contention that the jury returned inconsistent verdicts between defendant Lea and defendant Colon and that the trial court therefore should have granted defendant Lea's motion to dismiss made after the jury returned its verdict and before the trial court entered judgment. In *State v. Reid*, 335 N.C. 647, 660, 440 S.E.2d 776, 783 (1994), our Supreme Court determined that a defendant's conviction for acting in concert may be upheld even where the accused's co-defendant was acquitted and where the co-defendant's acquittal of acting in concert may have been the result of "mistake, compromise, or lenity . . . ." *Id.* The Supreme Court in *Reid* limited review of the conviction to sufficiency of the evidence. *Id.* at 660-61, 440 S.E.2d at 783. Even if the verdicts rendered in this case were inconsistent, *Reid* clearly insulates jury verdicts from review on this ground. *Id.* Accordingly, because defendant does not challenge the sufficiency of the evidence, we overrule defendant's assignment of error here.

C.

[3] Defendant argues that the trial court erred in failing to dismiss all charges of "attempt" because the evidence here shows "completed actions" and not "attempts in the legal sense." By this logic defendant argues that he could validly be convicted only of the completed assaults and not of attempted second degree murder. We disagree.

"The elements of the crime of 'attempt' consist of the following: (1) an intent by an individual to commit a crime; (2) an overt act committed by the individual calculated to bring about the crime; and (3) which falls short of the completed offense." *State v. Gunnings*, 122 N.C. App. 294, 296, 468 S.E.2d 613, 614 (1996). Defendant's argument here fails because the crime of second degree murder, to be a completed offense, requires that the victim actually be killed. Since none of the victims here were killed, defendant Lea's conduct fell "short of the completed offense . . ." and was therefore properly deemed attempted second degree murder. *Id.*

[4] Defendant Lea argues then that he could not constitutionally be convicted both of attempted second degree murder and of assault

with a deadly weapon inflicting serious bodily injury. We find this contention without merit. We need not further consider defendant Lea's argument because the trial court did not sentence defendant Lea based on the convictions for assault with a deadly weapon and assault with a deadly weapon inflicting serious injury. *See, e.g., State v. Pakulski*, 326 N.C. 434, 439-40, 390 S.E.2d 129, 132 (1990). The trial court ordered that prayer for judgment be continued as to defendant Lea's conviction of two counts of assault with a deadly weapon and of one count of assault with a deadly weapon inflicting serious injury.

## D.

[5] We next consider defendant Lea's argument that the trial court's instruction on the charge of "attempted first degree felony murder . . . so colored the jury's deliberations . . ." that even defendant's conviction of the lesser and unrelated charge of attempted second degree murder must be set aside. Defendant Lea's principal complaint here appears to be that a theoretical potential for prejudice exists because the jury might have compromised lower than attempted second degree murder if the instruction on attempted first degree felony murder had not been given. We find this argument without merit.

"In order to show prejudicial error, defendant must show a reasonable possibility that had the error not been committed, a different result would have been reached at trial." *State v. Frazier*, 344 N.C. 611, 617, 476 S.E.2d 297, 300-01 (1996) (citing G.S. 15A-1443(a) (1988)). Here, the trial court also instructed the jury on the charge of attempted first degree murder on the basis of malice, premeditation and deliberation, and defendant Lea does not object to this charge. Moreover, strong evidence supports the jury's conviction of defendant Lea for attempted second degree murder. After careful review of the record, we conclude that there is no "reasonable possibility" that the outcome of defendant Lea's trial would have been different had the trial court not given the attempted first degree felony murder instruction to the jury. Accordingly, we discern no prejudice to defendant Lea here.

## E.

[6] Defendant Lea argues that the trial court erred by instructing the jury on the principal of "acting in concert." We disagree.

"It is well settled that when a request is made for a specific instruction that is supported by the evidence and is a correct state-

ment of the law, the court, although not required to give the requested instruction verbatim, must charge the jury in substantial conformity therewith." *State v. Holder*, 331 N.C. 462, 474, 418, S.E.2d 197, 203 (1992).

> Under the principle of acting in concert, [an instruction on an offense may be given and] a person may be found guilty of an offense if he is present at the scene of the crime and the evidence is sufficient to show he is acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime.

*State v. Wilson*, 322 N.C. 117, 141, 367 S.E.2d 589, 603 (1988). We conclude that the evidence here clearly supports an instruction on "acting in concert" and that the trial court's instruction substantially conformed to the pattern jury instruction on "acting in concert." N.C.P.I.—Crim. 202.10 (1994). This assignment of error is overruled.

## F.

**[7]** We now turn to defendant Lea's argument that the trial court erred in failing to instruct the jury on the lesser included charge of attempted voluntary manslaughter based on the theory of imperfect self-defense. In this vein, defendant Lea also challenges the trial court's failure to instruct the jury on the theory of imperfect self-defense. We hold that the trial court did not err.

"A trial judge is not required to instruct the jury on lesser-included offenses 'when there is no evidence to sustain a verdict of defendant's guilt of such lesser degrees.'" *State v. Lyons*, 340 N.C. 646, 663, 459 S.E.2d 770, 779 (1995) (quoting *State v. Shaw*, 305 N.C. 327, 342, 289 S.E.2d 325, 333 (1982)). "[V]oluntary manslaughter is an intentional killing without premeditation, deliberation or malice but done in the heat of passion suddenly aroused by adequate provocation or in the exercise of imperfect self-defense where excessive force under the circumstances was used or where the defendant is the aggressor." *State v. Wallace*, 309 N.C. 141, 149, 305 S.E.2d 548, 553 (1983).

> [I]f defendant believed it was necessary to kill the deceased in order to save herself from death or great bodily harm, and if defendant's belief was reasonable in that the circumstances as they appeared to her at the time were sufficient to create such a belief in the mind of a person of ordinary firmness, but defendant, although without murderous intent, was the aggressor in

bringing on the difficulty, or defendant used excessive force, the defendant under those circumstances has only the imperfect right of self-defense, having lost the benefit of perfect self-defense, and is guilty at least of voluntary manslaughter.

*State v. Wilson,* 304 N.C. 689, 695, 285 S.E.2d 804, 808 (1982) (quoting *State v. Norris,* 303 N.C. 526, 530, 279 S.E.2d 570, 573 (1981)) (emphasis omitted).

We conclude that no one "of ordinary [mental] firmness" could reasonably believe that the use of deadly force by defendants was necessary here in order for defendants to save themselves from "death or great bodily harm . . . ." *Id.* Furthermore, "[t]here is absolutely no evidence in the record that [either] defendant had formed a belief that it was necessary to kill in order to save himself from death or great bodily harm." *Lyons,* 340 N.C. at 662, 459 S.E.2d at 779. Defendant Colon's "self-serving" statements to the effect that he and defendant Lea were "scared" the victims would "run them off the road" are not evidence that either defendant "formed a belief that it was necessary to kill in order to save himself." *Id.*

Defendants here drove their vehicle at high speeds pursuing the victims' vehicle. Defendants then pulled alongside the victims' vehicle while maintaining correspondingly high speeds so as not to fall behind the victims' fleeing vehicle. On the facts of this case, defendants at all times had every reasonable opportunity to alleviate the danger to themselves and to others without resorting to deadly force.

In sum, we conclude that the evidence here "does not tend to indicate that the defendant[s] in fact formed a belief that it was necessary to kill the [victims], thereby entitling defendant[s] to an instruction on imperfect self-defense." *Id.* We conclude that the trial court correctly determined that defendant Lea was not entitled to a jury instruction on attempted voluntary manslaughter based upon imperfect self-defense.

### G.

[8] Finally, we address defendant Lea's contention that the consecutive sentences aggregating twenty-five years in prison are disproportionate to the offenses committed. Here again, defendant Lea raises, *inter alia,* constitutional issues (violation of the Eighth Amendment prohibition against cruel and unusual punishment) not properly presented first before the trial court. Nevertheless, we consider defendant Lea's contentions and we find them without merit.

The structured sentencing act allows for the imposition of consecutive sentences. G.S. 15A-1340.15(a) (1994). The trial court here sentenced defendant Lea within its discretion and within the bounds set by the General Assembly and our federal and State constitutions. *E.g., State v. Barts*, 316 N.C. 666, 697, 343 S.E.2d 828, 847-48 (1986). We have examined defendant Lea's remaining assignments of error and find them to be without merit.

## II. Defendant Colon

### A.

**[9]** Turning now to defendant Colon's appeal, we first consider whether the offense of "attempted first degree felony murder" exists under the law of North Carolina. This appears to be an issue of first impression in North Carolina. For the reasons stated, we hold that the offense of "attempted first degree felony murder" does not exist under our law.

In G.S. 14-17 (1994), our General Assembly defined felony murder as follows:

> A murder which shall be . . . committed in the perpetration or attempted perpetration of any arson, rape, sex offense, robbery, kidnapping, burglary, or other felony committed or attempted with the use of a deadly weapon shall be deemed to be murder in the first degree . . . ."

G.S. 14-17. This statute does not require that the defendant intend the killing, only that he or she intend to commit the underlying felony. *E.g., State v. Richardson*, 341 N.C. 658, 666-67, 462 S.E.2d 492, 498 (1995). An unintentional killing occurring during the commission of a felony is a felony murder under G.S. 14-17. Otherwise stated, a conviction of felony murder requires no proof of intent other than the proof of intent necessary to secure conviction of the underlying felony. *Id.*

To convict a defendant of criminal attempt, on the other hand, requires proof that the defendant *specifically intended* to commit the crime that he is charged with attempting. *E.g., State v. McAlister*, 59 N.C. App. 58, 60, 295 S.E.2d 501, 502 (1982), *disc. review denied*, 307 N.C. 471, 299 S.E.2d 226 (1983). An attempt, by definition, "is an act done with intent to commit that crime, carried beyond mere preparation to commit it, but falling short of its actual commission." *Id.* "Although a murder may be committed without an intent to kill,

attempt to commit murder requires a specific intent to kill." *Braxton v. United States*, 500 U.S. 344, 351 n., 114 L. Ed. 2d 385, 393 n. (1991) (citation omitted).

We conclude that a charge of "attempted felony murder" is a logical impossibility in that it would require the defendant to intend what is by definition an unintentional result. Accordingly, the offense of "attempted felony murder" does not exist in North Carolina.

Our research indicates that almost every court addressing this issue has agreed that the crime of "attempted felony murder" cannot exist. As the Supreme Court of Tennessee summarized in *State v. Kimbrough*, 924 S.W.2d 888 (Tenn. 1996):

> Every jurisdiction that has addressed the question whether attempt to commit felony-murder exists as an offense has, with but a single exception, held that it does not exist. *People v. Patterson*, 209 Cal.App.3d 610, 257 Cal.Rptr. 407 (1989); *State v. Gray*, 654 So.2d 552 (Fla.1995); *State v. Pratt*, 125 Idaho 546, 873 P.2d 800 (1993); *People v. Viser*, 62 Ill.2d 568, 343 N.E.2d 903 (1975); *Head v. State*, 443 N.E.2d 44 (Ind.1982); *State v. Robinson*, 256 Kan. 133, 883 P.2d 764 (1994); *Bruce v. State*, 317 Md. 642, 566 A.2d 103 (1989); *State v. Dahlstrom*, 276 Minn. 301, 150 N.W.2d 53 (1967); *State v. Darby*, 200 N.J.Super. 327, 491 A.2d 733 (Ct.App.Div.1984); *State v. Price*, 104 N.M. 703, 726 P.2d 857 (Ct.App.1986); *People v. Burress*, 122 A.D.2d 588, 505 N.Y.S.2d 272 (1986); *Commonwealth v. Griffin*, 310 Pa.Super. 39, 456 A.2d 171 (1983); *State v. Bell*, 785 P.2d 390 (Utah 1989); *State v. Carter*, 44 Wis.2d 151, 170 N.W.2d 681 (1969). *But see White v. State*, 266 Ark. 499, 585 S.W.2d 952 (1979) (upholding the offense of attempted felony-murder in that jurisdiction).

*Id.* In sum, the courts of at least fifteen jurisdictions, while interpreting statutes substantially similar to our own, have clearly concluded that "one cannot intend to accomplish the unintended . . ." and we agree. *Id.*

We note also that each aspect of the misconduct allegedly engaged in by defendant Colon here is punishable under at least one other criminal statute duly enacted by our General Assembly. Defendant Colon's conviction of "attempted first degree felony murder" is vacated.

**[10]** We now consider whether, on remand, defendant Colon may be retried for attempted first degree murder on the basis of malice, pre-

meditation and deliberation. At trial, the court instructed the jury in part as follows:

> In the event that you should find the defendant guilty of attempted first degree murder, please have your foreman indicate whether you did so on the basis of malice, premeditation, and deliberation or under the felony murder rule or both.

The pertinent part of the verdict form submitted to the jury here in connection with the attempted first degree murder charge and the jury's answers thereon are as follows:

We, the jury, return the unanimous verdict as follows:

Count No. 1

1. Guilty of attempted first degree murder

    Answer: ___yes___

    If you answer "yes" is it:

    A. Attempted first degree murder on the basis of malice, premeditation and deliberation?

    Answer: _____

    B. Attempted first degree murder under the first degree felony murder rule?

    Answer: ___yes___

2. Guilty of attempted second degree murder

    Answer: _____

3. Not guilty

    Answer: _____

With regard to the theories supporting defendant's conviction for attempted first degree murder, the jury's responses here in leaving the first answer blank and answering the second "yes" are identical to those of the jury in *State v. McCollum*, 334 N.C. 208, 220-21, 433 S.E.2d 144, 150 (1993), *cert. denied*, 512 U.S. 1254, 129 L. Ed. 2d 895 (1994). The Supreme Court in *McCollum* considered the jury's particular responses in determining whether the jury then in the sentencing phase would be permitted "to consider finding the aggravating circumstance that the defendant [acted intentionally and with premeditation and] participated in the killing to avoid arrest." *Id.* at 220, 433 S.E.2d 150. Finding no error, the Supreme Court determined that the

court "cannot know from the jury's failure . . . to give a 'yes' or 'no' answer to the question relating to premeditation and deliberation what, if any, consideration the jury gave to this issue or what, if any, decision it reached." *Id. at* 221, 433 S.E.2d at 151.

We conclude that this rationale is equally applicable here and that the jury's verdict here could not serve in any way to acquit defendant Colon of attempted first degree murder on the theory of malice, premeditation and deliberation. Accordingly, we hold that on remand defendant Colon may be retried for attempted first degree murder on the basis of malice, premeditation and deliberation.

As our Supreme Court stated in *State v. Thomas,* 325 N.C. 583, 593, 386 S.E.2d 555, 560-61 (1989):

> Defendant was charged with only one crime, first degree murder; she was convicted of that crime. She has not been acquitted of anything. Premeditation and deliberation is a theory by which one may be convicted of first degree murder; felony murder is another such theory. Criminal defendants are not convicted or acquitted of theories; they are convicted or acquitted of crimes.

*Id.* (citations omitted). "To conclude, as the defendant would have us conclude, that the jury rejected the theory that the defendant acted with premeditation and deliberation would require us to engage in sheer speculation unsubstantiated by anything in the record before us." *McCollum,* 334 N.C. at 221-22, 433 S.E.2d at 151. Although one theory obviously had to be listed first, the two theories here are clearly presented on the verdict form as co-equal bases for conviction. Moreover, there is undoubtedly sufficient evidence in the record to sustain a verdict of guilty on the basis of premeditation and deliberation. As we have recognized, "[c]riminal defendants are not convicted or acquitted of theories; they are convicted or acquitted of crimes." *Thomas,* 325 N.C. at 593, 386 S.E.2d at 561. We need not address defendant Colon's remaining assignment of error.

In sum, we discern no error with respect to defendant Lea's conviction of three counts of attempted second degree murder, two counts of assault with a deadly weapon, one count of assault with a deadly weapon inflicting serious injury and one count of discharging a firearm into occupied property. Further, we conclude that the trial court did not err in sentencing defendant Lea. With regard to defendant Colon, we discern no error in his conviction of two counts of assault with a deadly weapon with intent to kill, on which counts the

trial court did not sentence defendant Colon, but instead entered a prayer that judgment be continued as to those charges.

We vacate defendant Colon's conviction of three counts of "attempted first degree felony murder" because we have concluded that the crime of attempted felony murder does not exist under the law of North Carolina. Defendant Colon may be retried for attempted first degree murder on the basis of malice, premeditation and deliberation.

No error in part, vacated in part and remanded.

Judges COZORT and JOHN concur.