STATE OF NORTH CAROLINA v. JAMES CHAPMAN

No. 58

(Filed 11 November)

**Assault and Battery § 14.7— secret assault—insufficient evidence**

In a prosecution for secret assault, evidence was insufficient to be submitted to the jury, though there was some evidence of motive, evidence that defendant possessed a shotgun bearing the fresh odor of powder, and evidence that a spent shell fired from defendant's gun was found in the alley between the buildings in which defendant and the victim lived, since such evidence was not sufficient to support inferences that the victim was shot with defendant's gun and defendant fired the shot.

ON indictments proper in form, defendant was charged with and convicted of secret assault and sentenced to twenty years imprisonment. The Court of Appeals, 32 N.C. App. 599, 232 S.E. 2d 884 (1977), (Morris, J., concurred in by Brock, C.J., and Britt, J., reported under Rule 30(e)) found no error in defendant's trial before *Kivett, J.*, ALEXANDER Superior Court. We subsequently granted defendant's *pro se* petition for discretionary review.

The State's evidence at trial tended to show the following:

On 25 June 1975 at about 11:00 p.m. the victim, Solon Chapman, was struck in the back by a shotgun blast as he prepared to unlock the door to the Alexander County Hotel, where he lived. The victim did not see who shot him or where the blast came from. Defendant, James Chapman, lived in the Campbell Building, which was separated from the Alexander County Hotel by a barber shop and an alleyway. Three weeks prior to the shooting, the victim had been acquitted of a robbery charge brought against him by defendant. Although defendant had refused to talk to the victim after the acquittal, there had been no harsh words between them concerning the charge.

A police officer talked with defendant shortly after the shooting and advised him of his constitutional rights. At this time it was determined that defendant owned a twelve gauge shotgun, which he voluntarily turned over to the police, stating that he had not fired it in two months. At the time it was surrendered, however, the gun contained a shell of the same make as a spent shell discovered in the alleyway between the two buildings. The breech of the gun carried a strong odor of gun powder. The spent shell was later found to have been fired from defendant's gun and was introduced into evidence at trial. Defendant gave an exculpatory statement to the effect that he had been watching television in his room until someone came in and told him there had been a shooting.

Defendant's evidence tended to show the following:

Defendant was seen by a passing motorist, standing near the two buildings in question dressed in a tee shirt and shorts. At that time he had nothing in his hands, nor did the motorist see a gun nearby. Shortly after he passed defendant, the motorist heard a shot ring out and reported it to the Sheriff's Department. The motorist returned to the scene a few minutes later and observed defendant still wearing the tee shirt and shorts.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Robert E. McCarter for the defendant.*

COPELAND, Justice.

Defendant's principal assignment of error is the trial court's denial of his motion for nonsuit. In passing upon a motion for judgment of nonsuit, the court must consider the evidence in the light most favorable to the State. *State v. White*, 293 N.C. 91, 235 S.E. 2d 55 (1977). Thus, all conflicts in the evidence must be resolved in favor of the State and it must be given the benefit of every inference reasonably to be drawn in its favor. *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971), *cert. denied*, 414 U.S. 874, 38 L.Ed. 2d 114, 94 S.Ct. 157 (1973).

The State's case here is based entirely on circumstantial evidence. Nonetheless, the test of sufficiency of the evidence to withstand nonsuit is the same whether the evidence is direct, circumstantial, or both. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967). The question for the court in ruling on such a motion is whether a reasonable inference of defendant's guilt may be drawn from the circumstances; if so, the case must go to the jury for determination of whether these facts prove the defendant guilty beyond a reasonable doubt. *State v. Rowland*, 263 N.C. 353, 139 S.E. 2d 661 (1965).

The State must establish two propositions in the prosecution of a criminal charge: (1) that a crime has been committed; and (2) that it was committed by the person charged. *State v. Clyburn*, 273 N.C. 284, 159 S.E. 2d 868 (1968). The State's case here is defective primarily because it fails to show that the crime in question was committed by this defendant. While there was arguably evidence of motive in this case, motive alone is insufficient to carry a case to the jury. *State v. Jarrell*, 233 N.C. 741, 65 S.E. 2d 304 (1951). Further, while defendant's possession of the shotgun bearing the fresh odor of powder, combined with the finding of the spent shell fired from defendant's gun in the alleyway, is certainly strong evidence, it is not adequate to support the double inference that: (1) the victim was shot with defendant's gun; and (2) defendant fired the shot. There was no proof as to: (1) the size of the shot which struck the victim; (2) the size of the shot fired from the spent shell; or (3) how recently the spent shell appeared to have been fired.

The most the State has shown is that the victim could have been shot by a shell fired from defendant's gun. There is nothing,

other than an inference which could arise from mere ownership of the gun, that would tend to prove that defendant actually fired the shot. "Beyond that we must sail in a sea of conjecture and surmise. This we are not permitted to do." *State v. Minor*, 290 N.C. 68, 75, 224 S.E. 2d 180, 185 (1976). Even when the State's evidence is enough to raise a strong suspicion, if it is insufficient to remove the case from the realm of conjecture, nonsuit must be allowed. *State v. Chavis*, 270 N.C. 306, 154 S.E. 2d 340 (1967). For these reasons, we find that the trial court erred in denying defendant's motion for judgment of nonsuit; therefore, the decision appealed from is

Reversed.