STATE OF NORTH CAROLINA v. CHARLES HEWITT

No. 108

(Filed 24 January 1978)

**Weapons and Firearms— shooting into occupied dwelling—insufficiency of evidence**

> The State's evidence was insufficient to be submitted to the jury in a prosecution for discharging a firearm into an occupied dwelling where it tended to show only that the occupants of a mobile home heard the sound of a car slowing down and then eight to ten shots or sounds like firecrackers; the occupants observed two holes in the side of the mobile home; the owner of the mobile home testified that to his knowledge the holes were not there before he heard the eight to ten shots; a .22 caliber cartridge hull was found about 50 or 60 feet from the mobile home; the .22 caliber cartridge hull was fired from a pistol found behind the sofa in defendant's home; six other empty .22 caliber hulls were later found on or near the pavement approximately 75 to 100 feet from the mobile home; and the area surrounding the mobile home was often used for hunting.

ON the state's appeal pursuant to G.S. 7A-30 from the decision of the Court of Appeals, *Clark, J.,* dissenting, reported in 34 N.C. App. 109, 237 S.E. 2d 311 (1977), reversing judgment of *Barbee, J.,* at the 31 January 1977 Criminal Session of UNION County Superior Court.

*Rufus L. Edmisten, Attorney General, by Mary I. Murrill, Associate Attorney, and William W. Melvin, Deputy Attorney General, for the State.*

*Bailey, Brackett & Brackett, P.A. by Martin L. Brackett, Jr., and Terry D. Brown, Attorneys for defendant appellee.*

EXUM, Justice.

The sole question presented is whether the Court of Appeals erred in reversing the judgment of the trial court on the ground that defendant's motion for judgment as of nonsuit should have been granted. We hold that it did not.

Defendant was tried on a bill of indictment charging that on or about 1 November 1976 he "unlawfully and wilfully did feloniously and wantonly discharge a firearm, to wit: a .22 caliber pistol, into the home of Larry W. Rowell, located at Matthews,

North Carolina, while the said home was then and there actually occupied," in violation of G.S. 14-34.1.

The state's evidence tends to show that on 1 November 1976 Morris Rowell was visiting his cousin Larry Rowell at the latter's mobile home, which is located on a rural paved road in Union County. The area surrounding the mobile home is wooded and often used for hunting. Morris Rowell admitted having heard shots fired in the vicinity on previous occasions, and 1 November 1976 fell during dove hunting season.

Around 8:30 p.m. that evening, Morris and Larry Rowell heard the sound of a car slowing down and then "eight to ten shots or sounds like firecrackers which occurred in rapid succession." Although they never actually saw the car, they went outside and attempted to give chase. After returning and calling the sheriff's department, they discovered two holes in the outside wall of the trailer near the kitchen window. Larry Rowell stated that to his knowledge the holes were not there before the night of 1 November 1976. Deputy Sheriff Jerry Moore subsequently examined the two holes and observed in one of the holes an "object that appeared to be lead, approximately 3/4 of an inch" into the hole.

Deputies Moore and Reavis then conducted a search of the roadside area at "a spot approximately where Mr. Rowell said he heard a vehicle stop." About 50 or 60 feet from the mobile home they found a .22 caliber cartridge hull, which appeared to Deputy Moore to be fresh because there was no sign of any corrosion or residue. However, he admitted that the hull "could have been lying there a couple of days."

Around 10:30 or 10:45 p.m. the same evening, Lieutenant Kenneth Boshnyak and three deputies from the Union County Sheriff's Department arrived at defendant's home with a warrant for his arrest. They found him sitting on a living room sofa, served him with the warrant, and took him to the patrol car. Defendant consented orally and his wife consented in writing to a search of their home. The search disclosed a loaded .22 caliber pistol on the floor behind the sofa where defendant had been sitting. Defendant also had several .22 caliber bullets in his pocket.

The following afternoon Deputy Sheriffs Myers, Smith and Reavis went to Larry Rowell's mobile home and made a further

search of the area. They found six empty .22 caliber hulls on or near the pavement approximately 75 to 100 feet from the mobile home.

Eric Johnson of the Charlotte-Mecklenburg Crime Laboratory testified for the state as an expert in firearms identification. In his opinion the .22 caliber cartridge hull found the night of 1 November was fired from the pistol which the deputies had found behind the sofa in defendant's home. He did not offer an opinion as to the six hulls which were found on the afternoon of 2 November.

Both Morris and Larry Rowell testified that they did not know defendant and knew of no reason he would have to harm them.

Defendant offered no evidence.

The jury returned a verdict of guilty as charged in the indictment, and thereupon Judge Barbee sentenced defendant to eight years imprisonment.

The Court of Appeals reversed for error in the trial court's denial of defendant's motion for judgment as of nonsuit. In an opinion by Hedrick, J., Vaughn, J., concurring, the evidence was held insufficient to connect defendant with the commission of the offense. Judge Clark dissented, stating his belief that the totality of the circumstances permitted the inference that defendant committed the crime charged.

We agree with the holding of the Court of Appeals. The legal principles controlling defendant's motion for judgment as of nonsuit were stated by Justice Lake in *State v. Cutler*, 271 N.C. 379, 383, 156 S.E. 2d 679, 681-82 (1967):

> "The question for the Court is whether, when all of the evidence is so considered, there is substantial evidence to support a finding both that an offense charged in the bill of indictment, or warrant if it be a case tried upon a warrant, has been committed and that the defendant committed it. *State v. Bass*, 253 N.C. 318, 116 S.E. 2d 772. If, when the evidence is so considered, it is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion for nonsuit should be allowed. *State v. Guffey*, 252

N.C. 60, 112 S.E. 2d 734. This is true even though the suspicion so aroused by the evidence is strong. *State v. Chavis*, 270 N.C. 306, 154 S.E. 2d 340."

Even if one assumes that the evidence here is sufficient to support a finding that the offense charged was in fact committed, we believe it raises no more than a suspicion or conjecture as to the identity of defendant as the perpetrator. The only evidence that might connect defendant with any shots fired into the mobile home is Larry Rowell's statement, "To my knowledge the holes were not in my trailer before I heard the eight to ten shots." This somewhat ambiguous declaration, without any further showing that the holes in the trailer wall resulted from shots fired the evening of 1 November 1976, falls short of substantial evidence that defendant fired into the mobile home, especially as the surrounding area was commonly used for hunting.

The state relies on *State v. Irick*, 291 N.C. 480, 231 S.E. 2d 833 (1977), and *State v. Poole*, 285 N.C. 108, 203 S.E. 2d 786 (1974). No useful purpose would be served by a detailed comparison of the state's evidence in those cases with the evidence in the record before us. Suffice it to say that this case presents nothing like the overwhelming circumstantial evidence which implicated the defendant in *Irick*, and that the Court in *Poole* held the evidence insufficient to withstand the defendant's motion for judgment as of nonsuit. We believe the evidence here is even less sufficient than that which was held insubstantial in *Poole*.

We hold that the state's evidence creates only a suspicion that defendant committed the crime with which he was charged. The trial court's denial of defendant's motion for judgment as of nonsuit was correctly held to be error, and the judgment of the Court of Appeals is therefore

Affirmed.