STATE OF NORTH CAROLINA v. CURTIS ROY HEATON

No. 7824SC678

(Filed 19 December 1978)

Weapons and Firearms § 3— discharging firearm into occupied building—insufficiency of evidence

The State's evidence was insufficient for the jury in a prosecution for feloniously discharging a firearm into an occupied building in violation of G.S. 14-34.1 where it tended to show only that defendant's car blocked the narrow road on which the prosecuting witness was traveling; defendant refused to move his car, and the prosecuting witness rammed defendant's car, knocked it out of the way, and drove to a neighbor's house where he called the sheriff; an officer gave defendant a parking citation; a gunshot was fired into the prosecuting witness's home while the officer was standing therein; the officer testified the gunshot sounded like it was fired from a .22 caliber rifle; defendant was found in bed wearing his shirt, pants and socks; defendant had injured his hand and blood was found on his clothing; officers followed a trail of blood from defendant's front porch to a point 100 feet from where defendant's car was left after the collision; one walking from defendant's house to his car would follow the same route as would be followed to the house of the prosecuting witness; defendant told officers he had walked back to his car to lock it and had fallen and injured his hand; and a box of .22 caliber bullets was found on the floor of a barn 100 yards from defendant's house.

APPEAL by defendant from *Smith (David I.), Judge.* Judgment entered 10 April 1978 in Superior Court, AVERY County. Heard in the Court of Appeals 14 November 1978.

Defendant was indicted and tried on the charge of feloniously discharging a firearm into an occupied building in violation of G.S.

14-34.1. At trial defendant moved for judgment of nonsuit after the State's evidence and renewed the motion at the conclusion of all the evidence. Each motion was denied by the trial court. Upon the jury's verdict of guilty as charged, judgment was entered sentencing defendant to an eight-year prison term. Defendant appeals.

*Attorney General Edmisten, by Associate Attorneys Thomas H. Davis, Jr. and Jane Rankin Thompson, for the State.*

*William B. Cocke, Jr., for defendant appellant.*

MORRIS, Chief Judge.

Defendant assigns as error the trial court's failure to enter judgment of nonsuit. It is well settled that upon motion for nonsuit evidence, whether direct or circumstantial, presented by the State and evidence presented by the defendant which may tend to strengthen the State's case is to be considered in the light most favorable to the State while giving the State every reasonable inference to be drawn therefrom. *State v. Braxton*, 294 N.C. 446, 242 S.E. 2d 769 (1978); *State v. Shaw*, 293 N.C. 616, 239 S.E. 2d 439 (1977). The evidence taken in the light most favorable to the State is summarized below.

The prosecuting witness, William Edward Gardner, a man suffering from coronary disease, drove to an Avery County establishment known as Times Square at about 1:15 a.m. on 13 December 1977, to pick up his wife. Shortly after he arrived there, defendant and another individual drove their cars into the same parking lot in which Gardner's car was parked, and stopped 20 or 30 feet away. Mr. Gardner testified that he overheard defendant say to his companion, "We'll pin him in." Defendant and his companion left the parking lot. When Mrs. Gardner came to the car her husband told her about the statement he overheard. Mr. Gardner was "nervous and upset."

Mr. Gardner left Times Square and proceeded along Curtis Creek Road in Avery County to return home. The road was very icy. Before reaching his home he had to stop for the defendant's companion's car which became stuck when it was unable to negotiate the slippery, narrow gravel road. Defendant's own car was parked across the road in such a manner that Gardner could

not get around both cars on the narrow road. Defendant would not move his vehicle so Gardner charged it knocking it out of the way, and drove to a neighbor's house where he called the sheriff.

Trooper Joe Shook investigated the collision incident and issued defendant a parking citation. Afterwards, at about 3:00 a.m. while Trooper Shook was standing in the living room of Mr. Gardner's home, a bullet was fired through the kitchen door and struck the chimney in the living room. No one was seen outside the house when the shot was fired. A metal fragment which Mr. Gardner asserted was the bullet fired by defendant was found sometime later in the Gardner's vacuum cleaner. Its caliber was not identified. No spent cartridge casings were found. Trooper Shook testified that the gunshot sounded like it was fired from a .22 caliber rifle.

After the shooting Trooper Shook and Deputy Sheriff Barlowe returned to the defendant's home. Defendant was found in bed wearing his shirt, pants, and socks. Defendant had injured his right hand and blood was found on his clothing. The officers followed a trail of blood from defendant's front porch back in the direction of defendant's car and Gardner's home. The spots of blood began about 100 feet from where defendant's car was left after the collision. Defendant told the officers that he had walked back to his car to lock it and had injured his hand when he fell on the icy road. Curtis Creek Road and those roads branching from it are so situated that one walking from defendant's house to his car would be taking the same route as would be followed if one were walking to the Gardner house although both houses are not on the same road.

The officers searched a barn about 100 yards from defendant's house and found a box of untarnished .22 caliber bullets lying on the floor. No weapon was found. Deputy Barlowe testified that defendant's mother said, when they arrived at the house, that "he was in the bed but he was strange, that he had lost his mind or something."

This evidence is insufficient to withstand defendant's motion for judgment of nonsuit. The State's evidence is entirely circumstantial. The State's evidence must establish that (1) a crime has been committed and (2) that it was committed by the person charged. *State v. Chapman*, 293 N.C. 585, 238 S.E. 2d 784 (1977);

*State v. Clyburn*, 273 N.C. 284, 159 S.E. 2d 868 (1968). The State has failed to produce evidence sufficient to indicate that defendant fired the shot. Although the evidence raises a strong suspicion of guilt, we do not think it is sufficient to withstand a motion for nonsuit. *See State v. Chavis*, 270 N.C. 306, 154 S.E. 2d 340 (1967). The evidence is simply not sufficient to take the strong suspicion it does raise from the realm of speculation and conjecture. Nor can the presence of motive for the shooting without more carry the case to the jury. *State v. Chapman, supra; State v. Jarrell*, 233 N.C. 741, 65 S.E. 2d 304 (1951).

One can do no more than speculate that defendant fired the gunshot and that he injured himself fleeing the scene of the crime. The trial court erred in failing to allow defendant's motion for nonsuit.

Because we hold that defendant was entitled to judgment of nonsuit, we need not consider errors in the charge to the jury.

Reversed.

Judges HEDRICK and MARTIN (Harry C.), concur.