STATE OF NORTH CAROLINA v. JERRY ALFRED COBLE

No. 446PA99

(Filed 7 April 2000)

**Homicide— attempted second-degree murder—not crime in this state**

The crime of "attempted second-degree murder" does not exist under North Carolina law because the offense of attempted murder requires the element of specific intent to kill, and while specific intent to kill is a necessary constituent of the elements of premeditation and deliberation in first-degree murder, it is not an element of second-degree murder or manslaughter. Where the element of malice in second-degree murder is proved by intentional conduct, a defendant need only intend to commit the underlying act that results in death.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 134 N.C. App. 607, 518 S.E.2d 251 (1999), finding no error in a judgment entered by Allen (J.B., Jr.), J., on 26 March 1998 in Superior Court, Alamance County. Heard in the Supreme Court 17 February 2000.

*Michael F. Easley, Attorney General, by William P. Hart, Special Deputy Attorney General, for the State.*

*Cheshire, Parker, Schneider, Wells & Bryan, by Joseph B. Cheshire, V, and John Keating Wiles, for defendant-appellant.*

MARTIN, Justice.

On 12 May 1997 defendant was indicted for one count of attempted murder. Defendant was tried before a jury at the 23 March 1998 Criminal Session of Superior Court, Alamance County. At the conclusion of all the evidence, the trial court, over defendant's objection, instructed the jury on two degrees of attempted murder— "attempted first-degree murder" and "attempted second-degree murder." The jury found defendant guilty of a crime denominated as "attempted second degree murder."

On appeal, the Court of Appeals found no error. *State v. Coble,* 134 N.C. App. 607, 613, 518 S.E.2d 251, 255 (1999). On 4 November 1999 we allowed defendant's petition for discretionary review to

determine whether the crime of "attempted second-degree murder" exists under North Carolina law.

The elements of an attempt to commit a crime are: "(1) the intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense." *State v. Miller*, 344 N.C. 658, 667, 477 S.E.2d 915, 921 (1996); *see State v. Ball*, 344 N.C. 290, 305, 474 S.E.2d 345, 354 (1996), *cert. denied*, 520 U.S. 1180, 137 L. Ed. 2d 561 (1997). The crime of attempt requires an act done with the specific intent to commit the underlying offense. *See State v. Hageman*, 307 N.C. 1, 13, 296 S.E.2d 433, 441 (1982); *State v. Brayboy*, 105 N.C. App. 370, 374, 413 S.E.2d 590, 593, *disc. rev. denied*, 332 N.C. 149, 419 S.E.2d 578 (1992); 2 WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 6.2, at 25 (1986 & Supp. 2000) [hereinafter LAFAVE & SCOTT]. Therefore, to commit the crime of attempted murder, one must specifically intend to commit murder. *See Braxton v. United States*, 500 U.S. 344, 351, 114 L. Ed. 2d 385, 393 (1991); 4 CHARLES E. TORCIA, WHARTON'S CRIMINAL LAW § 695, at 591-97 (15th ed. 1996 & Supp. 1999) [hereinafter WHARTON'S CRIMINAL LAW.]

It is well settled that three forms of homicide exist under North Carolina law. *See State v. Watson*, 338 N.C. 168, 176, 449 S.E.2d 694, 699 (1994), *cert. denied*, 514 U.S. 1071, 131 L. Ed. 2d 569 (1995). Only first-degree murder and second-degree murder are relevant to our analysis in this case. The elements of first-degree murder are: (1) the unlawful killing, (2) of another human being, (3) with malice, and (4) with premeditation and deliberation. *See* N.C.G.S. § 14-17 (1999); *Watson*, 338 N.C. at 176, 449 S.E.2d at 699; *State v. Bonney*, 329 N.C. 61, 77, 405 S.E.2d 145, 154 (1991). The elements of second-degree murder, on the other hand, are: (1) the unlawful killing, (2) of another human being, (3) with malice, but (4) without premeditation and deliberation. *See* N.C.G.S. § 14-17; *Watson*, 338 N.C. at 176, 449 S.E.2d at 699; *State v. Griffin*, 308 N.C. 303, 306, 302 S.E.2d 447, 451 (1983).

This Court has articulated the important distinction between first-degree murder and second-degree murder:

First degree murder, which has as an essential element the intention to kill, has been called a specific intent crime. Second degree murder, which does not have this element, has been called a general intent crime.

*State v. Jones*, 339 N.C. 114, 148, 451 S.E.2d 826, 844 (1994), *cert. denied*, 515 U.S. 1169, 132 L. Ed. 2d 873 (1995). "In connection with [second-degree murder and voluntary manslaughter], the phrase 'intentional killing' refers not to the presence of a specific intent to kill, but rather to the fact that the *act* which resulted in death is intentionally committed . . . ." *State v. Ray*, 299 N.C. 151, 158, 261 S.E.2d 789, 794 (1980), *quoted in State v. Keel*, 333 N.C. 52, 58, 423 S.E.2d 458, 462 (1992). Moreover, we have explained that specific intent to kill is " 'a necessary constituent of the elements of premeditation and deliberation in first degree murder [] [and] is not an element of second degree murder or manslaughter.' " *State v. Barber*, 270 N.C. 222, 227, 154 S.E.2d 104, 108 (1967) (quoting *State v. Gordon*, 241 N.C. 356, 358, 85 S.E.2d 322, 323 (1955)); *see State v. Phillips*, 264 N.C. 508, 515, 142 S.E.2d 337, 342 (1965). Therefore, it logically follows that the crime of attempted murder, as recognized in this state, can be committed only when a person acts with the specific intent to commit first-degree murder.

In the present case, the Court of Appeals interpreted *State v. Reynolds*, 307 N.C. 184, 297 S.E.2d 532 (1982), as recognizing a form of malice in second-degree murder that encompasses specific intent to kill. Based on that interpretation, the Court of Appeals reasoned "there are second-degree murders in which the defendant intended to kill, and second-degree murders in which there was no *specific intent to kill*, but the defendant nevertheless acted with malice." *Coble*, 134 N.C. App. at 610, 518 S.E.2d at 253 (emphasis added). Distinguishing first-degree murder and second-degree murder, the Court of Appeals stated, "If the actor intends to kill the victim, but acts without premeditation and deliberation, the actor is guilty of attempted second-degree murder." *Id.* The Court of Appeals then concluded, "Because intent to commit the underlying offense is a necessary element of attempt, it follows that there can be an attempt to commit those forms of second-degree murder in which the malice element contains the intent to kill." *Id.*

Although the Court of Appeals' reading of *Reynolds* was reasonable, a meaningful distinction nonetheless exists between specific intent as an element of a crime and evidence of intent proffered to establish the element of malice for second-degree murder. In *Reynolds* we stated that the element of malice may be established by at least three different types of proof: (1) "express hatred, ill-will or spite"; (2) commission of inherently dangerous acts in such a reckless and wanton manner as to "manifest a mind utterly without

regard for human life and social duty and deliberately bent on mischief"; or (3) a "condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification." *Reynolds*, 307 N.C. at 191, 297 S.E.2d at 536. We then explained that the third type of malice is established by "intentional infliction of a wound with a deadly weapon which results in death." *Id.*

The element of malice for second-degree murder, therefore, may be established by evidence that a person intentionally inflicted a wound that results in death. *Id.* The element of specific intent to kill for first-degree murder, however, is not satisfied by proof of "an intentional act by the defendant resulting in the death of the victim; the State also must show that the defendant intended for his action to result in the victim's death." *Keel*, 333 N.C. at 58, 423 S.E.2d at 462; *see Jones*, 339 N.C. at 148, 451 S.E.2d at 844. Moreover, as stated above, specific intent to kill is " 'a necessary constituent of the elements of premeditation and deliberation in first-degree murder []
[and] is not an element of second-degree murder or manslaughter.' "
*Barber*, 270 N.C. at 227, 154 S.E.2d at 108 (quoting *Gordon*, 241 N.C. at 358, 85 S.E.2d at 323). Therefore, evidence of intent as a component of malice is not equivalent to the element of specific intent to kill.

Because specific intent to kill is not an element of second-degree murder, the crime of attempted second-degree murder is a logical impossibility under North Carolina law. The crime of attempt requires that the actor specifically intend to commit the underlying offense. *See Hageman*, 307 N.C. at 13, 296 S.E.2d at 441. It is logically impossible, therefore, for a person to specifically intend to commit a form of murder which does not have, as an element, specific intent to kill. As the United States Supreme Court stated, "Although a murder may be committed without an intent to kill, attempt to commit murder requires a specific intent to kill." *Braxton*, 500 U.S. at 351, 114 L. Ed. 2d at 393. Accordingly, the crime of attempted murder is logically possible only where specific intent to kill is a necessary element of the underlying offense. *See, e.g.*, *State v. Collins*, 334 N.C. 54, 58-59, 431 S.E.2d 188, 191 (1993) (first-degree murder conviction set aside for failure to instruct jury on lesser-included offense of "attempted murder"); *State v. Gilley*, 306 N.C. 125, 130, 291 S.E.2d 645, 648 (1982) ("attempted murder" recognized where completed offense would have constituted first-degree murder), *overruled on other grounds by State v. Barnes*, 324 N.C. 539, 380 S.E.2d 118 (1989).

We note that our Court of Appeals faced a similar logical impossibility in *State v. Lea*, 126 N.C. App. 440, 485 S.E.2d 874 (1997). In *Lea*, a case involving two defendants, one defendant was convicted of attempted first-degree felony murder. On appeal, the Court of Appeals concluded that "the offense of 'attempted felony murder' does not exist in North Carolina." *Id.* at 450, 485 S.E.2d at 880. The Court of Appeals first explained that felony murder "does not require that the defendant intend the killing, only that he or she intend to commit the underlying felony." *Id.* at 449, 485 S.E.2d at 880. The Court of Appeals next explained that an attempt crime "requires proof that the defendant *specifically intended* to commit the crime he is charged with attempting." *Id.* Quoting the United States Supreme Court, the Court of Appeals recognized that " 'attempt to commit murder requires a specific intent to kill.' " *Id.* at 450, 485 S.E.2d at 880 (quoting *Braxton*, 500 U.S. at 351, 114 L. Ed. 2d at 393). Therefore, the Court of Appeals concluded, "a charge of 'attempted felony murder' is a logical impossibility in that it would require the defendant to intend what is by definition an unintentional result." *Id.* at 450, 485 S.E.2d at 880.

Likewise, a charge of attempted second-degree murder is a logical impossibility. Second-degree murder, like felony murder, does not have, as an element, specific intent to kill. Rather, where the element of malice in second-degree murder is proved by intentional conduct, a defendant need only intend to commit the underlying act that results in death. *See Reynolds*, 307 N.C. at 191, 297 S.E.2d at 536. Therefore, as in *Lea*, a charge of attempted second-degree murder would require a defendant to specifically intend what is by definition not a specifically intended result. *See Lea*, 126 N.C. App. at 450, 485 S.E.2d at 880.

Our conclusion is buttressed by a multitude of cases from other jurisdictions. This persuasive authority rejects the offense of attempted second-degree murder where the substantive offense of second-degree murder does not include, as an element, specific intent to kill. *See, e.g., Huitt v. State*, 678 P.2d 415, 419-20 (Alaska Ct. App. 1984) (rejecting offense of attempted second-degree murder where statute did not require specific intent to kill); *Fenstermaker v. State*, 128 Idaho 285, 291, 912 P.2d 653, 659 (Ct. App. 1995) (recognizing crime of attempted second-degree murder where requisite intent for second-degree murder is defined in part as "intent to take life"); *State v. Shannon*, 258 Kan. 425, 429-30, 905 P.2d 649, 652-53 (1995) (rejecting attempted second-degree murder where second-degree

murder statute did not require specific intent to kill); *State v. Earp*, 319 Md. 156, 162-67, 571 A.2d 1227, 1230-33 (1990) (rejecting crime of attempted second-degree murder where specific intent to kill is not a necessary element of second-degree murder).

Legal scholars have likewise recognized that the offense of attempted murder requires the element of specific intent to kill. *See, e.g.*, WHARTON'S CRIMINAL LAW § 695, at 591-97 ("[A]n attempt to commit murder requires a specific intent to kill."); LAFAVE & SCOTT, at 25 ("attempted murder requires an intent to bring about the result described by the crime of murder (i.e., the death of another)").

In the present case, defendant could have been separately indicted for the crime of assault with a deadly weapon with intent to kill. *See* N.C.G.S. § 14-32 (1999). Like first-degree murder, assault with a deadly weapon with intent to kill has, as an element, specific intent to kill. *See id.*; N.C.P.I.—Crim. 208.10 (1989). Because assault with a deadly weapon with intent to kill requires proof of an element not required for attempted murder—use of a deadly weapon—it is not a lesser-included offense of attempted murder, *see State v. Westbrooks*, 345 N.C. 43, 55, 478 S.E.2d 483, 491 (1996), and must be charged in a separate indictment.

We note this case presents an issue of first impression since this Court has not directly addressed the question of whether the crime of attempted second-degree murder exists under North Carolina law. Nevertheless, because our appellate courts have indirectly referenced this purported crime on several occasions, *see State v. Smith*, 347 N.C. 453, 463, 496 S.E.2d 357, 363, *cert. denied*, 525 U.S. 845, 142 L. Ed. 2d 91 (1998), *State v. Cozart*, 131 N.C. App. 199, 203, 505 S.E.2d 906, 909-10 (1998), *disc. rev. denied*, 350 N.C. 311, — S.E.2d — (1999), *State v. Lea*, 126 N.C. App. 440, 445, 485 S.E.2d 874, 877, the prosecutor's decision here to seek a verdict of attempted second-degree murder, and the trial court's decision to instruct the jury accordingly, were both reasonable.

Nonetheless, a crime denominated as "attempted second-degree murder" does not exist under North Carolina law. Accordingly, the decision of the Court of Appeals is reversed.

REVERSED.