STATE OF NORTH CAROLINA v. JAMES EMANUEL SILAS

No. COA04-367

(Filed 1 March 2005)

## 1. Firearms and Other Weapons— discharging firearm into occupied property—evidence sufficient

The trial court correctly denied defendant's motion to dismiss a charge of discharging a firearm into occupied property where the victim testified that defendant continued shooting after he entered his apartment and that bullets fired by defendant entered his apartment and caused damage. Contradictions in the evidence were for the jury to resolve.

## 2. Indictment and Information— amendment—intent of breaking and entering

Judgment was arrested on defendant's conviction for felonious breaking and entering where the original indictment alleged that defendant entered a residence to commit murder and an amendment at the close of all of the evidence alleged an intent to commit an assault with a deadly weapon inflicting serious injury or assault with a deadly weapon with intent to kill inflicting serious injury. Research does not reveal a case specifically stating that these assaults are lesser included offenses of first-degree murder; in order to convict on a charge of assault and battery or assault with a deadly weapon in a murder case, the murder indictment should include the elements of assault or it should contain a separate count of assault. However, this indictment sufficiently charged defendant with misdemeanor breaking and entering, and the case is remanded for entry of such a judgment.

## 3. Sentencing— prior record level—worksheet and oral recitation—not sufficient—trial testimony—not sufficient in this case

Defendant was entitled to a new sentencing hearing for discharging a firearm into occupied property and misdemeanor breaking and entering where the State relied upon a sentencing worksheet and an oral recitation by the State of defendant's criminal history instead of utilizing a method authorized by N.C. Gen. Stat. § 15A-1340.14 (2003). Defendant's trial testimony was not sufficient to support the prior record level determination.

**STATE v. SILAS**

[168 N.C. App. 627 (2005)]

Appeal by defendant from judgments entered 7 September 2000 by Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard in the Court of Appeals 1 December 2004.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Gary A. Scarzafava, for the State.*

*Thomas K. Maher for defendant-appellant.*

HUNTER, Judge.

James Emanuel Silas ("defendant"), presents the following three issues for our consideration: (I) Whether sufficient evidence was presented supporting the charge of discharging a firearm into occupied property; (II) whether the trial court erroneously allowed the State to amend the indictment for felony breaking and entering; and (III) whether the State presented sufficient evidence of defendant's prior record for sentencing purposes. After careful review, we conclude defendant's conviction for discharging a firearm into occupied property was supported by sufficient evidence, however, we conclude the breaking and entering indictment was erroneously amended and that insufficient evidence of defendant's prior record level was presented. Accordingly, we reverse defendant's conviction for breaking and entering and remand for resentencing in accordance with this opinion.

The pertinent facts tend to indicate that on 30 July 1999, defendant became angry after arguing with his estranged wife, Rhonda Moore, on the telephone. The evidence indicated that defendant and his wife had separated a month earlier, that his wife had recently obtained a restraining order, and that defendant was upset about his wife's relationship with Jasper Herriott ("Herriott").

After arguing with his wife on the telephone, defendant went to his wife's apartment, forced open the latched screen door, and entered the kitchen where his wife was combing his daughter's hair. His wife's niece was also in the kitchen. After saying very few words, defendant pulled out a gun and shot his wife in the leg and hip. His wife ran upstairs and locked herself in a bedroom. Instead of chasing his wife, defendant left the apartment, the niece locked the door, and the girls dialed 911. Neither of the girls were injured.

Approximately two hours later, defendant drove to Herriott's apartment and parked. He saw Herriott standing in the breezeway of his apartment talking and Herriott saw defendant sitting in his

car. Defendant exited his car, started walking towards Herriott, and began firing his weapon. Herriott returned to his apartment, locked the door, and called the police. Herriott testified that defendant continued to shoot and bullets continued to enter his apartment after Herriott fled inside. However, an eyewitness, Herriott's next door neighbor, testified that defendant stopped shooting once Herriott entered his apartment. Defendant testified that he was angry and that he wanted to hurt his wife and Herriott, but not kill them. Later that evening, defendant was arrested after returning to his wife's neighborhood.

Defendant was indicted for assault with a deadly weapon with intent to kill Herriott, assault with a deadly weapon with intent to kill inflicting serious injury as to his wife, discharging a firearm into occupied property, possession of a firearm by a felon, and felonious breaking and entering. After the close of all evidence, the State moved to amend the breaking and entering indictment to conform to the evidence presented. In its relevant part, the original indictment stated: "James Emanuel Silas unlawfully and wilfully did feloniously break and enter a building occupied by Rhonda Silas, used as a residence, located at . . . Charlotte, North Carolina, with the intent to commit a felony therein, to wit: murder." The amended indictment alleged defendant entered the apartment to commit an assault with a deadly weapon inflicting serious injury, or the felony of assault with a deadly weapon with intent to kill inflicting serious injury.

After defendant was found guilty, the State submitted a sentencing worksheet listing defendant's prior convictions and argued for a sentence in the aggravated range. Defendant received consecutive sentences of ten to twelve months for felonious breaking and entering, forty to fifty-seven months for assault with a deadly weapon inflicting serious injury, fifteen to eighteen months for possession of a firearm by a felon, forty to fifty-seven months for assault with a deadly weapon with intent to kill, and forty to fifty-seven months for discharging a firearm into occupied property. From his convictions and sentences, defendant appeals.

[1] Defendant first contends the State presented insufficient evidence supporting the charge of discharging a firearm into occupied property. We disagree.

The standard for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the

offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982) (quoting *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)). In determining the sufficiency of the evidence, "[t]he trial court must consider such evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." *State v. Patterson*, 335 N.C. 437, 450, 439 S.E.2d 578, 585 (1994).

*State v. Harris*, 145 N.C. App. 570, 578, 551 S.E.2d 499, 504 (2001). "If there is more than a scintilla of competent evidence to support the allegations in the warrant or indictment, it is the court's duty to submit the case to the jury." *State v. Horner*, 248 N.C. 342, 344-45, 103 S.E.2d 694, 696 (1958). " 'Contradictions and discrepancies [in the evidence] are for the jury to resolve and do not warrant [dismissal].' " *State v. Pallas*, 144 N.C. App. 277, 286, 548 S.E.2d 773, 780 (2001) (citation omitted).

Pursuant to N.C. Gen. Stat. § 14-34.1 (2003):

Any person who willfully or wantonly discharges or attempts to discharge:

(1) Any barreled weapon capable of discharging shot, bullets, pellets, or other missiles at a muzzle velocity of at least 600 feet per second; or

(2) A firearm into any building, structure, vehicle, aircraft, watercraft, or other conveyance, device, equipment, erection, or enclosure while it is occupied is guilty of a Class E felony.

Defendant contends the State did not present sufficient evidence indicating Herriott's apartment was occupied when bullets entered the apartment. In support of his argument, defendant references the testimony of Leverne Phifer ("Phifer"), an eyewitness who testified defendant stopped shooting when Herriott entered his apartment. However, Herriott testified that after he entered his apartment, defendant continued shooting. The bullets broke two of his windows and entered one of his walls.

The contradictions in the testimony of Herriott and Phifer were for the jury to resolve. *See Pallas*, 144 N.C. App. at 286, 548 S.E.2d at 780. As Herriott's testimony presented more than a scintilla of com-

petent evidence tending to indicate defendant shot into an occupied building, the trial court did not erroneously deny the motion to dismiss and submit the issue to the jury. *See Horner*, 248 N.C. at 344-45, 103 S.E.2d at 696.

Nonetheless, defendant argues *State v. Hewitt*, 294 N.C. 316, 239 S.E.2d 833 (1978), and *State v. Heaton*, 39 N.C. App. 233, 249 S.E.2d 856 (1978), indicate the indictment charging defendant with discharging a firearm into occupied property should have been dismissed. In *Heaton*, shortly after a confrontation on a nearby road, a bullet was fired through the victim's kitchen door and struck the chimney in the living room. *Heaton*, 39 N.C. App. at 235, 249 S.E.2d at 857. The police visited the defendant's home and found ammunition of the type fired into the victim's home. *Id.* The defendant's hand was bloody and there was a blood trail in the direction of the defendant's car and the victim's home. *Id.* However, no weapon was recovered and no one saw the defendant shoot into the victim's home. *Id.* This Court determined the State "failed to produce evidence sufficient to indicate [the] defendant fired the shot" into the victim's mobile home. *Id.* at 236, 249 S.E.2d at 858. "The State's evidence [was] entirely circumstantial" and "[o]ne [could] do no more than speculate that [the] defendant fired the gunshot and that he injured himself fleeing the scene of the crime." *Id.* at 235-36, 249 S.E.2d at 858. Unlike *Heaton*, in this case the victim testified that he saw defendant shooting at him and that defendant continued to shoot after the victim entered his apartment.

In *Hewitt*, the victim's mobile home was fired upon and the weapon from which one of the bullets was fired was found in the defendant's possession. *Hewitt*, 249 N.C. at 316-18, 239 S.E.2d at 833-34. However, no one could testify with certainty as to when the bullet holes were created in the side of the victim's mobile home. Specifically, the victim testified " '[t]o my knowledge the holes were not in my trailer before I heard the eight to ten shots.' " *Id.* at 319, 239 S.E.2d at 835. In reversing the defendant's conviction, our Supreme Court held "the [S]tate's evidence creates only a suspicion that defendant committed the crime with which he was charged." *Id.* Unlike *Hewitt*, the victim in this case specifically testified the bullets fired by defendant entered his apartment and caused damage. Herriott testified that the shots fired by defendant broke two windows and entered a wall. Accordingly, we conclude the State presented sufficient evidence that defendant discharged a firearm into occupied property.

**[2]** Defendant next contends the trial court erroneously allowed the State to amend the indictment for felonious breaking and entering. At the close of all evidence, the State was allowed to amend the breaking and entering indictment to allege defendant entered the residence to commit an assault with a deadly weapon inflicting serious injury or the felony of assault with a deadly weapon with intent to kill inflicting serious injury. As originally stated, the indictment alleged defendant entered the residence to commit the felony of murder.

N.C. Gen. Stat. § 15A-923(e) states a bill of indictment may not be amended. Our Supreme Court has interpreted this provision as prohibiting indictment amendments which substantially alter the charge set forth in the indictment. *See State v. Kamtsiklis*, 94 N.C. App. 250, 255, 380 S.E.2d 400, 402 (1989).

"[A]n indictment charging the offense of felonious breaking or entering is sufficient only if it alleges the particular felony which is intended to be committed." *State v. Vick*, 70 N.C. App. 338, 340, 319 S.E.2d 327, 328 (1984). Felonious intent is an essential element of the felony defined in N.C. Gen. Stat. § 14-54, and it " 'must be alleged and proved, and the felonious intent proven, must be the felonious intent alleged[.]' " *State v. Jones*, 264 N.C. 134, 136, 141 S.E.2d 27, 29 (1965) (citation omitted). Indeed, if the felonious intent alleged is not proven, then the defendant has only committed misdemeanor breaking and entering, if the other elements are established. *See State v. Worthey*, 270 N.C. 444, 446, 154 S.E.2d 515, 516 (1967) (stating "[w]rongful breaking or entering without intent to commit a felony or other infamous crime is a lesser degree of felonious breaking or entering within G.S. 14-54"). Thus, the intent to commit a particular felony is an essential element of the crime. *See State v. Vick*, 70 N.C. App. 338, 319 S.E.2d 327 (reversing a defendant's conviction for felonious breaking and entering because the indictment did not specifically allege the felony the defendant intended to commit). Therefore an indictment amendment changing the alleged intended felony would constitute a substantial alteration of the indictment.

The State contends the indictment amendment was not a substantial alteration of the indictment because the felonies of assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon inflicting serious injury are lesser-included offenses of murder.

The original indictment in this case alleged defendant intended to commit murder. As a person cannot intend to commit second degree

murder, we must construe the language that defendant intended to commit murder to mean defendant intended to commit first degree murder. In *State v. Coble*, 351 N.C. 448, 527 S.E.2d 45 (2000), our Supreme Court had to determine whether the crime of attempted second degree murder existed in North Carolina. Similar to felonious breaking and entering where the actor must break and enter with the intent to commit a particular specified felony, the "crime of attempt requires that the actor specifically intend to commit the underlying offense." *Id.* at 451, 527 S.E.2d at 48. In determining attempted second degree murder was a logical impossibility, our Supreme Court in *Coble* explained that a " 'specific intent to kill' " was not " ' "an element of second degree murder or manslaughter." ' " *Id.* at 450, 527 S.E.2d at 47 (citations omitted). Our Supreme Court stated: "It is logically impossible, therefore, for a person to specifically intend to commit a form of murder which does not have, as an element, specific intent to kill." *Id.* at 451, 527 S.E.2d at 48. Thus, in this case, we construe the original indictment to allege defendant "unlawfully and wilfully did feloniously break and enter a building . . . with the intent to commit a felony therein, to wit:" first degree murder. *See also State v. Jordan*, 140 N.C. App. 594, 537 S.E.2d 843 (2000) (indicating second degree murder could not be the underlying offense in a burglary charge because a person cannot intend to commit second degree murder).

As stated, the State contends the indictment amendment was not a substantial alteration of the indictment because assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon are lesser included offenses of murder.

> It is . . . well recognized in North Carolina that when a defendant is indicted for a criminal offense he may be convicted of the charged offense or of a lesser included offense when the greater offense charged in the bill contains all the essential elements of the lesser offense, all of which could be proved by proof of the allegations of fact contained in the indictment.

*State v. Riera*, 276 N.C. 361, 368, 172 S.E.2d 535, 540 (1970); *see also* N.C. Gen. Stat. § 15-170 (2003). In this case, the allegations in the original felonious breaking and entering indictment did not encompass the elements of assault with a deadly weapon with the intent to kill or assault with a deadly weapon inflicting serious injury. Therefore, as explained below, the indictment did not provide defendant notice that an assault with a deadly weapon with intent to kill inflicting serious

injury or assault with a deadly weapon inflicting serious injury charge was alleged.[1]

Our Supreme Court has held that in a murder case, in order to convict on a charge of assault and battery or assault with a deadly weapon, the murder indictment should include the elements of assault or it should contain a separate count of assault. *See State v. Whiteside*, 325 N.C. 389, 383 S.E.2d 911. In *Whiteside*, our Supreme Court stated,

> "when it is sought to fall back on the lesser offense of assault and battery or assault with a deadly weapon, in case the greater offense, murder or manslaughter, is not made out, the indictment for murder should be so drawn as necessarily to include an assault and battery or assault with a deadly weapon, or it should contain a separate count to that effect."

*Id.* at 403, 383 S.E.2d at 919 (citation omitted). According to the Court in *Whiteside*, an analysis of N.C. Gen. Stat. § 15-169[2] and earlier cases indicated that in cases where a defendant, indicted for murder, was convicted of simple assault or assault with a deadly weapon, the crime charged included an assault against the person as an ingredient. *Id.* at 402, 383 S.E.2d at 918. Thus, a short-form murder indictment which charged "defendant 'unlawfully, willfully, and feloniously and of malice aforethought did kill and murder [the victim]' [was] insufficient to support a verdict of guilty of assault, assault inflicting serious injury or assault with intent to kill." *Id.* at 403, 383 S.E.2d at 919. Indeed, the short-form murder indictment "does not specify a murder accomplished by assault." *State v. Gibson*, 333 N.C. 29, 38, 424 S.E.2d 95, 100 (1992).

---

1. We note that our research has not revealed a case specifically stating assault with a deadly weapon with intent to kill inflicting serious injury or assault with a deadly weapon inflicting serious injury is a lesser included offense of first degree murder. We also note that the State has not cited any authority stating assault with a deadly weapon is a lesser included offense of first degree murder. Therefore, we are guided by our Supreme Court's discussion in *Whiteside*, 325 N.C. 389, 383 S.E.2d 911 (1989), regarding whether a defendant may be convicted of assault with a deadly weapon under a short-form murder indictment.

2. N.C. Gen. Stat. § 15-169 (2003), entitled "Conviction of assault, when included in charge" states "[o]n the trial of any person for any felony whatsoever, when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, if the evidence warrants such finding; and when such verdict is found the court shall have power to imprison the person so found guilty of an assault, for any term now allowed by law in cases of conviction when the indictment was originally for the assault of a like character." *Id.*

In this case, the original felonious breaking and entering indictment simply stated the intended felony was murder:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 9th day of July, 1999, in Mecklenburg County, James Emanuel Silas unlawfully and wilfully did feloniously break and enter a building occupied by Rhonda Silas, used as a residence, located at [address], with the intent to commit a felony therein, to wit: murder.

Similar to the short-form murder indictment, this indictment did not specify the defendant committed breaking and entering to commit the felony of murder by means of an assault with a deadly weapon with or without the intent to kill inflicting serious injury. Since the short-form murder indictment does not include the lesser offenses of assault with a deadly weapon with or without the intent to kill inflicting serious injury, simply stating a defendant had the felonious intent to commit murder does not include the felonious intent to commit the lesser included offenses of assault with a deadly weapon with or without the intent to kill inflicting serious injury. Under *Whiteside* and N.C. Gen. Stat. § 15-170, as interpreted by case law, the elements of assault with a deadly weapon with or without the intent to kill inflicting serious injury should have been alleged in the original felonious breaking and entering indictment in order to apprise defendant that he had to defend against those charges. If the original felonious breaking and entering indictment had included "for the purpose of committing a murder by an assault with a deadly weapon with or without the intent to kill inflicting serious injury," then the indictment amendment would not have constituted a substantial alteration of the charge. The defendant would have had notice to defend against the lesser charges.

Accordingly, we conclude the indictment amendment constituted a substantial alteration of the charge set forth in the original indictment. As a result of the trial court's erroneous amendment, we arrest judgment on defendant's conviction of felonious breaking and entering. Because the indictment sufficiently charges him with misdemeanor breaking and entering, and the evidence supports such a charge, we remand for entry of judgment on misdemeanor breaking and entering. *See State v. Moses*, 154 N.C. App. 332, 572 S.E.2d 223 (2002).

[3] Finally, defendant contends the State did not present sufficient evidence of his prior record during sentencing. The transcript indi-

cates the State relied upon a sentencing worksheet and an oral recitation by the State of defendant's criminal history instead of utilizing a method authorized by N.C. Gen. Stat. § 15A-1340.14 (2003). As an initial matter, we note defendant did not object to the prosecutor's use of a sentencing worksheet during the sentencing hearing. However, as explained in *State v. Mack*, 87 N.C. App. 24, 33, 359 S.E.2d 485, 491 (1987), we are not precluded from reviewing this assignment of error. In *Mack*, this Court stated:

> Absent objection at the sentencing hearing or assertion of the "plain error" rule,[3] . . . [the] defendant has waived objection to the competency of the prosecutor's statements as an acceptable method of proof. . . . However, while [a] defendant may have waived challenging the competency of the assistant prosecutor's statements, [the] defendant was not required to object at the sentencing hearing in order to assert the insufficiency of the remarks as a matter of law to prove his prior convictions by a preponderance of the evidence. . . .
>
> It is clear a prosecutor's mere unsupported statement is not sufficient proof of defendant's prior convictions[.]

*Mack*, 87 N.C. App. at 33-34, 359 S.E.2d at 491-92.

N.C. Gen. Stat. § 15A-1340.14 (2003) states in pertinent part:

> (f) Proof of Prior Convictions.—A prior conviction shall be proved by any of the following methods:
>
> (1) Stipulation of the parties.
>
> (2) An original or copy of the court record of the prior conviction.
>
> (3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
>
> (4) Any other method found by the court to be reliable.

"These methods of proof are permissive rather than mandatory." *Mack*, 87 N.C. App. at 31-32, 359 S.E.2d at 490. However, a prosecutor's unsworn statements as to a defendant's criminal history is insufficient. *See id.* at 34, 359 S.E.2d at 492. Moreover, "the law requires more than the State's unverified assertion that a defendant was con-

---

3. Defendant has argued plain error in this case.

victed of the prior crimes listed on a prior record level worksheet." *State v. Goodman*, 149 N.C. App. 57, 72, 560 S.E.2d 196, 205 (2002), *rev'd in part on other grounds*, 357 N.C. 43, 577 S.E.2d 619 (2003). Thus, as a matter of law, the State did not present sufficient evidence of defendant's prior crimes.

Nonetheless, the State argues defendant testified about some of his prior convictions during direct and cross-examination. Indeed, the transcript indicates defendant stated he was convicted of assault on a female in 1993 and 1995, possession of a firearm by a felon in 1997, and communicating threats in 1997. Defendant also testified he was on probation when the present offenses occurred. N.C. Gen. Stat. § 15A-1340.14(f) (2003) states "[e]vidence presented by either party at trial may be utilized to prove prior convictions." Using defendant's trial testimony to establish his prior record level would result in a prior record level 3 instead of a prior record level 4 as indicated on the prior record level sentencing worksheet. Thus, even though the State is correct in its assertion that trial testimony may be used to prove a defendant's prior record level, defendant's testimony in this case does not support the prior record level determination in this case. Accordingly, defendant is entitled to a new sentencing hearing.

In sum, we conclude sufficient evidence was presented supporting the charge of discharging a firearm into occupied property. However, the trial court erroneously allowed an amendment to the felonious breaking and entering indictment. Notwithstanding the error, misdemeanor breaking and entering was sufficiently charged, and the evidence supports such a charge. Therefore, although judgment is arrested on the felonious breaking and entering conviction, we remand for entry of judgment on misdemeanor breaking and entering. As the trial court incorrectly determined defendant's prior record level, defendant is entitled to a new sentencing hearing in which his prior record level is properly determined.

No error in part, judgment arrested in part, and remanded for a new sentencing hearing.

Judges CALABRIA and LEVINSON concur.