HUNTER, JR., Robert N., Judge.
Timothy Scott Harris ("Defendant") appeals from a judgment entered upon his convictions for identity theft and having attained the status of a habitual felon. Defendant argues the trial court erred by denying his request for an instruction on the lesser-included offense of attempted identity theft. After review, we find no error.
I. Factual and Procedural History
On 11 January 2016, a grand jury indicted Defendant for identity theft and for attaining the status of an habitual felon. On 26 September 2016, the trial court called Defendant's case for trial. The State's evidence tended to show the following. The State called Officer Daniel Evans ("Evans") of the Clayton Police Department. On 23 November 2015, Evans was on patrol in Clayton, North Carolina when he observed Defendant's vehicle and noticed the registration had expired. Evans radioed the plate number to Johnston County Communications ("Communications"). Communications advised Evans the plate was expired, and Defendant also had inspection and insurance violations. Evans activated his lights and stopped Defendant's vehicle.
Evans told Defendant why he stopped him and asked for his license and registration. Defendant stated he did not have his license or registration, but informed Evans his name was "Randall Thomas Harris," and his date of birth was "September 24, 1975." Defendant also gave Evans a driver's license number in a "quick manner, as if he knew his license number, and that he had given it before at a previous time."
Evans then contacted Communications and gave them the driver's license number Defendant provided. Communications informed Evans the license was active, and there were no warrants for the license holder's arrest. Evans cited Defendant for having an expired registration plate, an inspection violation, an insurance violation, and failure to carry a driver's license.
A few hours later, Evans returned to the police department and met up with another Clayton police officer. Evans was suspicious about the stop, and the other officer had access to the Division of Criminal Information ("DCI") database. The officer pulled up the Department of Motor Vehicle picture for Randall Thomas Harris, the name Defendant gave Evans. Upon seeing the picture, Evans realized Defendant was not Randall Thomas Harris. After further investigation, the two officers pulled up Defendant's photograph on the DCI database. Evans recognized the person in the photograph as the person he stopped that morning. Evans also identified Defendant at trial as the driver of the vehicle.
A jury convicted Defendant of identity theft. Defendant also was convicted of having attained the status of a habitual felon. The trial court sentenced Defendant to a term of 76 to 104 months' imprisonment. Defendant timely appealed.
II. Standard of Review
"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." State v. Millsaps , 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002). "A trial court's decision not to give a requested lesser included offense instruction is reviewed de novo on appeal." State v. Gettys , 219 N.C. App. 93, 100, 724 S.E.2d 579, 585 (2012) (citation omitted).
III. Analysis
Defendant's sole argument on appeal is the trial court erred by denying his request for an instruction on the lesser-included offense of attempted identity theft. We disagree.
Here, Defendant was charged with identity theft. In order to convict a defendant of identity theft, the State must prove a defendant:
knowingly obtains, possesses, or uses identifying information of another person, living or dead, with the intent to fraudulently represent that the person is the other person for the purposes of making financial or credit transactions in the other person's name, to obtain anything of value, benefit, or advantage, or for the purpose of avoiding legal consequences is guilty of a felony punishable as provided in G.S. 14-113.22(a).
N.C. Gen. Stat. § 14-113.20(a) (2017). "The elements of an attempt to commit a crime are: '(1) the intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense.' " State v. Coble , 351 N.C. 448, 449, 527 S.E.2d 45, 46 (2000) (quoting State v. Miller , 344 N.C. 658, 667, 477 S.E.2d 915, 921 (1996) ).
Defendant argues he was entitled to an instruction on attempted identity theft. Defendant contends there was a conflict in the evidence as to one of the elements of the crime charged: whether he used identifying information to fraudulently represent he was his brother. Specifically, Evans testified Defendant gave him his brother's driver's license number, whereas Defendant testified he did not. Under our General Statutes, a driver's license number is considered identifying information. N.C. Gen. Stat. § 14-113.20(b)(2) (2017). Thus, Defendant contends when all contradictions or discrepancies in the evidence are resolved in his favor, the evidence demonstrated he intended to commit the offense of identity theft, and he committed an overt act for the purpose of committing the offense, but he fell short of the completed offense. We disagree.
Our Supreme Court has held when "the State's evidence is sufficient to fully satisfy its burden of proving each element of the greater offense and there is no evidence to negate these elements other than the defendant's denial that he committed the offense, the defendant is not entitled to an instruction on a lesser offense." State v. Johnson , 317 N.C. 193, 205, 344 S.E.2d 775, 782 (1986). In Johnson , the defendant was charged with the first-degree murder of his daughter by means of poison. The defendant argued he was entitled to an instruction on the lesser-included offense of second-degree murder based on his trial testimony he gave his daughter "a teaspoon of medicine and that at no time did he administer [poison] to his daughter." Id. at 204-05, 344 S.E.2d 782. The Supreme Court determined defendant was not entitled to the instruction because the evidence supported each element of the charged crime of first-degree murder, and "[t]he only evidence to negate these elements was the defendant's denial that he had committed the offense." Id . at 205, 344 S.E.2d at 782.
Similarly, in this case, the State presented evidence of each element of the charged offense, and the only evidence to negate these elements was Defendant's denial. The indictment charged Defendant with knowingly using "identifying information, a Driver[']s License number, of another person, Randall Thomas Harris, with the intent to fraudulently represent that the Defendant was the other person for the purpose of avoiding legal consequences[.]" Evans testified Defendant provided him with his brother's driver's license number, and based upon the information provided by Defendant, Evans issued citations in the name of Defendant's brother. Defendant denied giving Officer Evans his brother's driver's license number.
Defendant claims Evans failed to preserve traffic stop video and other notes which would have demonstrated he did not provide Officer Evans with the driver's license information. Defendant thus contends the discrepancies in the evidence should be resolved in his favor, and he was entitled to the instruction on the lesser-included offense. We are not persuaded. Prior to trial, Defendant filed a Brady motion to dismiss the charges on the basis the State failed to turn over video of the traffic stop. The trial court denied the motion after finding the video had been inadvertently destroyed. The trial court determined the destruction of the video was not done in bad faith, the contents of the video were not material to Defendant's case, and Defendant suffered no prejudice to his ability to present a defense to the charges. Defendant does not argue on appeal the trial court's order denying the motion was erroneous, and we decline to attribute any evidentiary weight to the missing video or any notes. Therefore, because there was no evidence contradicting Officer Evans' testimony other than Defendant's denial, we conclude Defendant was not entitled to an instruction on the lesser-included offense of attempted identity theft. Accordingly, we find no error.
NO ERROR.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.