IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1268

 Filed: 17 December 2019

Pitt County, No. 17 CRS 55157

STATE OF NORTH CAROLINA

 v.

JAMES EDWARD SMITH

 Appeal by defendant from judgment entered 16 February 2018 by Judge J.

Carlton Cole in Pitt County Superior Court. Heard in the Court of Appeals 8 May

2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Alexandra M.
 Hightower, for the State.

 W. Michael Spivey for defendant-appellant.

 ZACHARY, Judge.

 Defendant James Edward Smith appeals from a judgment entered upon a

jury’s verdict finding him guilty of solicitation to commit first-degree murder. Upon

careful review, we conclude Defendant received a fair trial, free from error.

 Background

 On 20 July 2017, Defendant revealed to Clayton Edwards—an individual who

Defendant had recently met through a mutual connection—that he wanted his wife

to be killed, and he offered to pay Edwards to kill her. Defendant told Edwards to

“basically kill her in cold blood, walk up and shoot her,” and provided him with details
 STATE V. SMITH

 Opinion of the Court

of where the killing should take place. These requests continued over the next three

days.

 Edwards contacted Pitt County Crime Stoppers and informed them that he

“had information on someone who wanted someone killed.” In conjunction with the

Greenville Police Department, Edwards scheduled a meeting with Defendant for 23

July 2017, during which Edwards would wear audio and video recording devices. At

the meeting, the two men spoke “more in depth about what [Defendant] wanted

[Edwards] to do.”

 Later that day, a Greenville police officer served Defendant with an arrest

warrant for solicitation to commit first-degree murder. Two weeks later, the Pitt

County grand jury returned an indictment formally charging him with the same

offense. Defendant’s case came on for trial before the Honorable J. Carlton Cole in

Pitt County Superior Court on 12 February 2018. After a four-day trial, the jury found

Defendant guilty of solicitation to commit first-degree murder, a Class C felony. The

trial court sentenced defendant, a prior record level I offender, to a presumptive term

of 73 to 100 months in the custody of the North Carolina Division of Adult Correction.

Defendant gave notice of appeal in open court.

 Discussion

 Defendant’s brief states the issue presented as follows: “The trial court erred

by sentencing [Defendant] for a Class C felony where the jury convicted [him] for

 -2-
 STATE V. SMITH

 Opinion of the Court

solicitation to commit second-degree murder but did not determine the nature of the

element of malice.” To properly analyze Defendant’s appeal, we first review the

crimes of solicitation and murder.

 A. Solicitation

 Our Supreme Court has “defined the crime of solicitation as counseling,

enticing or inducing another to commit a crime.” State v. Kemmerlin, 356 N.C. 446,

475, 573 S.E.2d 870, 890 (2002) (citation and quotation marks omitted). Solicitation

is a specific-intent crime, State v. Davis, 110 N.C. App. 272, 275, 429 S.E.2d 403, 404,

disc. review denied, 334 N.C. 436, 433 S.E.2d 180 (1993), and the offense is complete

upon the request. See generally 2 WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW §

11.1, at 264 (3d ed. 2018) (“For the crime of solicitation to be completed, it is only

necessary that the actor, with intent that another person commit a crime, have

enticed, advised, incited, ordered or otherwise encouraged that person to commit a

crime.”). Thus, the crime is committed “even though the solicitation is of no effect and

the crime solicited is never committed.” State v. Furr, 292 N.C. 711, 720, 235 S.E.2d

193, 199, cert. denied, 434 U.S. 924, 54 L. Ed. 2d 281 (1977).

 Solicitation to commit a felony is punished as follows:

 Unless a different classification is expressly stated, a
 person who solicits another person to commit a felony is
 guilty of a felony that is two classes lower than the felony
 the person solicited the other person to commit, except that
 a solicitation to commit a Class A or Class B1 felony is a
 Class C felony, a solicitation to commit a Class B2 felony is

 -3-
 STATE V. SMITH

 Opinion of the Court

 a Class D felony, a solicitation to commit a Class H felony
 is a Class 1 misdemeanor, and a solicitation to commit a
 Class I felony is a Class 2 misdemeanor.

N.C. Gen. Stat. § 14-2.6(a).

 B. Murder

 North Carolina recognizes first-degree murder and second-degree murder.

State v. Watson, 338 N.C. 168, 176, 449 S.E.2d 694, 699 (1994), cert. denied, 514 U.S.

1071, 131 L. Ed. 2d 569 (1995).

 The elements of first-degree murder are: (1) the unlawful
 killing, (2) of another human being, (3) with malice, and (4)
 with premeditation and deliberation. The elements of
 second-degree murder, on the other hand, are: (1) the
 unlawful killing, (2) of another human being, (3) with
 malice, but (4) without premeditation and deliberation.

State v. Coble, 351 N.C. 448, 449, 527 S.E.2d 45, 46 (2000) (citations omitted).

 First-degree murder is a specific-intent crime because it includes as an

essential element the intent to kill, whereas second-degree murder is a general-intent

crime because it lacks the essential element of an intent to kill. State v. Jones, 339

N.C. 114, 148, 451 S.E.2d 826, 844 (1994) (noting that general-intent crimes “only

require the doing of some act”), cert. denied, 515 U.S. 1169, 132 L. Ed. 2d 873 (1995).

However, malice is an element of both first- and second-degree murder, and may be

established in at least three ways:

 (1) actual malice, meaning hatred, ill-will or spite; (2) an
 inherently dangerous act done so recklessly and wantonly
 as to manifest a mind utterly without regard for human life
 and social duty and deliberately bent on mischief; or (3)

 -4-
 STATE V. SMITH

 Opinion of the Court

 that condition of mind which prompts a person to take the
 life of another intentionally without just cause, excuse, or
 justification.

State v. Arrington, 371 N.C. 518, 523, 819 S.E.2d 329, 332 (2018) (quotation marks

omitted).

 Prior to 2012, all second-degree murders in North Carolina were classified as

Class B2 felonies. See N.C. Gen. Stat. § 14-17 (2011). However, in 2012, the General

Assembly amended N.C. Gen. Stat. § 14-17 by adding subsection (b), thereby

elevating most second-degree murders to Class B1 felonies, save for two statutory

exceptions. See 2012 N.C. Sess. Laws 781, 782, ch. 165, § 1. Subsection (b) provides

that:

 (b) A murder other than described in subsection (a) [first-
 degree murder defined] or (a1) [presumption of first-degree
 murder where prior conviction for an act of domestic
 violence against the victim] of this section or in G.S. 14-
 23.2 [murder of an unborn child] shall be deemed second
 degree murder. Any person who commits second degree
 murder shall be punished as a Class B1 felon, except that
 a person who commits second degree murder shall be
 punished as a Class B2 felon in either of the following
 circumstances:

 (1) The malice necessary to prove second degree
 murder is based on an inherently dangerous act or
 omission, done in such a reckless and wanton
 manner as to manifest a mind utterly without
 regard for human life and social duty and
 deliberately bent on mischief.

 (2) The murder is one that was proximately caused
 by the unlawful distribution of [certain controlled

 -5-
 STATE V. SMITH

 Opinion of the Court

 substances], and the ingestion of such substance
 caused the death of the user.

N.C. Gen. Stat. § 14-17(b) (2017).

 Our Supreme Court has observed that the text of N.C. Gen. Stat. § 14-17 shows

the legislature’s intent “to elevate second-degree murder to a B1 offense, except in

the two limited factual scenarios” addressed in subsection (b). Arrington, 371 N.C. at

523-24, 819 S.E.2d at 333. With this amendment, “the legislature assigned culpability

to convicted offenders depending upon the nature of their conduct at the time of the

homicide resulting in their second-degree murder convictions and the intent with

which they acted at that time.” Id. at 522-23, 819 S.E.2d at 332. In doing so, “the

legislature distinguishe[d] between second-degree murders that involve an intent to

harm (actual malice or the intent to take a life without justification) versus the less

culpable ones that involve recklessness (an inherently dangerous act or omission) or

a drug overdose.” Id. at 524, 819 S.E.2d at 333.

 C. Analysis

 The parties are in disagreement over the issue before us. Defendant asserts

that the trial court erred in sentencing him. The State counters that this is actually

an unpreserved challenge to the jury instructions. We agree with the State.

 Defendant’s argument is this: that although the jury was instructed on

solicitation to commit the felony of common-law (or second-degree) murder, the trial

court failed to instruct the jury “to make any special finding about the nature of the

 -6-
 STATE V. SMITH

 Opinion of the Court

malice supporting its finding that [Defendant] solicited second-degree murder.”

Absent any special findings, Defendant contends that he should have been convicted

of soliciting a Class B2 felony. He would accordingly have us conclude that he should

have been sentenced for a Class D felony, and that we should review his sentence de

novo.

 Defendant creatively sidesteps the fact that he was not charged with murder,

but with solicitation to commit murder. The jury was not required to find any of the

elements of murder. As previously explained, one may be guilty of solicitation

regardless of whether the solicited crime—murder, in this case—actually occurs. See

Furr, 292 N.C. at 720, 235 S.E.2d at 199. The crime was in the asking. Thus,

Defendant’s appeal begins and ends with the jury instruction on the offense of

solicitation, and not with his subsequent sentencing.

 Here, the trial court properly instructed the jury on the offense of solicitation

to commit murder:

 The Defendant has been charged with solicitation to
 commit murder. For you to find the Defendant guilty of this
 offense, the State must prove two things beyond a
 reasonable doubt:

 First, that the Defendant solicited, that is, urged or tried
 to persuade another person to murder the victim. Murder
 is the unlawful killing of another with malice.

 And second, that the Defendant intended that the person
 he solicited—solicited murder—that the Defendant
 intended that the person he solicited murder the victim.

 -7-
 STATE V. SMITH

 Opinion of the Court

 Defendant failed to object to these instructions at trial. Our appellate rules

make clear that “to preserve an issue for appellate review, a party must have

presented to the trial court a timely request, objection, or motion[.]” N.C.R. App. P.

10(a)(1). Unpreserved issues related to jury instructions in criminal cases may

nevertheless be reviewed where “the judicial action questioned is specifically and

distinctly contended to amount to plain error.” N.C.R. App. P. 10(a)(4); see also State

v. Lawrence, 365 N.C. 506, 516, 723 S.E.2d 326, 333 (2012). “However, since

Defendant’s brief failed to specifically and distinctly allege that the jury instruction

amounted to plain error, he is not entitled to appellate review under this rule either.”

State v. Christian, 150 N.C. App. 77, 84, 562 S.E.2d 568, 573, disc. review denied, 356

N.C. 168, 568 S.E.2d 618 (2002). Therefore, he has waived appellate review.

 Conclusion

 In that Defendant’s entire appeal was predicated on an unpreserved issue and

he failed to request plain error review, his conviction and subsequent sentence shall

remain undisturbed.

 NO ERROR.

 Judges DILLON and BERGER concur.

 -8-